(No. 4410– )

LOREN PERRY AND NAOMI PERRY, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1952.*

DAVID M. WILSON, Attorney for Claimants.

IVAN A. ELLIOTT, Attorney General; CHARLES H. EVANS, Assistant Attorney General, for Respondent.

LANSDEN, J.

Commissioner Wise, who heard the evidence in this case, has filed a report herein, which reads as follows:

"Loren Perry and Naomi Perry, husband and wife, residents of Springfield, Illinois, filed their complaint herein on April 3, 1951 for damages to an automobile allegedly belonging to claimant, Naomi Perry, and for personal injuries suffered by claimant, Loren Perry. The accident occurred on July 3, 1950 at approximately 9:40 A.M. on U. S. Highway No. 67, approximately four to four and one-half miles west of Virginia, Illinois. The car involved was a 1940 Studebaker Four-Door Sedan, which had been driven approximately 40,000 miles.

On the morning of July 3, 1950, Loren and Naomi Perry, claimants, accompanied by their small son and daughter, left Springfield, Illinois on a trip to Beardstown, Illinois. Loren Perry was driving, and his wife and son were in the front seat, and the daughter in the rear seat. They left a filling station in Springfield at approximately 8:20 A.M., and drove westwardly on Illinois Highway No. 125 to Virginia, Illinois, and then continued on U. S. Highway No. 67. As they were

nearing a point approximately four miles west of Virginia, there was mud and water on the highway in several spots, and at the point of the accident the road made a slight curve across a bridge, and in that area there was considerable water. Perry was driving about 40 miles per hour, and slowed to about 35 miles per hour. While driving through the water, he suddenly lost control of the car, which swerved across the highway, and landed in a ditch. Perry, his wife and son were thrown from the car, and both Mr. and Mrs. Perry sustained injuries, but the injuries to Mrs. Perry were not serious, and no claim was made for same in this suit. The daughter and the son were not injured.

There is very little evidence on behalf of claimants as to the condition of the highway, how long the condition had existed, and whether or not the State of Illinois had notice of this condition. Gordon A. Smedley, a former employee of the respondent, testified that he had maintained this section of the highway for approximately the six year period from 1943 to 1949; that the highway in the area of Virginia to Bluff Springs, Illinois was lower than the surrounding area, running through and around the hills, and that during the farming season, when the soil was plowed, the highway would become covered with mud, and that he had helped remove mud on several occasions. He further testified that water from approximately 90% of the land north of the highway drained toward the road.

Naomi Perry testified substantially the same as her husband, but again there was little testimony as to the condition of the highway, and how long said condition had existed. Mrs. Perry testified that her husband was driving about 40 miles per hour, and never over 50, and that he slowed down at her request shortly

before the accident. She also corroborated his testimony as to the injuries sustained, and his inability to perform his former occupation.

The respondent offered no evidence other than the Departmental Report. From the Departmental Report it appears that the highwaymen had been working on a ditch-cleaning job in the area of the accident, and that on the night of July 2, and the early morning of July 3, 1950 there was a heavy rainfall in the area of the accident. The report further shows that in this particular area the highway follows the foot of the hills for several miles, and that, when the hills are cultivated, the State is burdened by filling ditches, and removing mud from the pavement after each rain. The Departmental Report further discloses that the highway section man arrived on the scene prior to the wreck, and found the highway covered with mud and water, and proceeded to the vicinity of Bluff Springs to get the scraper to remove it, and that, when he returned to the scene of the accident, the wreck had occurred. The highway man then proceeded to clear the highway, and put up proper warning signs. From the evidence and the Departmental Report, it appears that this mud and water covered the highway sometime in the early morning of July 3, 1950, and that the highway section man, who lived at Ashland, Illinois, arrived at the scene of the wreck within a reasonable time after the highway became covered; that there was no negligence on the part of the State in discovering the condition, and that its employees did everything possible to clear the highway.

It is my opinion upon hearing the evidence and reading the Departmental Report that this accident was caused solely by the negligence of the claimant,

Loren Perry, in driving at a too high rate of speed through the water and mud on the highway. He had a clear view of the highway, saw the condition of the highway, and attempted to drive through the same at the speed of approximately 35 miles per hour. He was also cautioned by his wife shortly before the accident to slow down. It is my opinion that there was no negligence on the part of the State. For these reasons, I recommend that the claim of both Loren Perry and Naomi Perry be denied."

The report of Commissioner Wise is hereby adopted as the opinion of the Court, and his recommendations are approved, since they are in harmony with previous decisions of this Court, such as: *Mounce* vs. *State*, No. 4317, opinion filed April 10, 1951, and *Beenes* vs. *State*, No. 4377, opinion filed October 5, 1951.

Awards to claimants are denied.